EDWARDS, Judge.
Plaintiff, Reliable Credit Corporation, filed suit to collect the alleged balance due of $3,230.58 on a promissory note executed by defendants, Nathan and Geraldine Smith. The Smiths raised in defense, and asserted in set off, claims arising under the Louisiana Consumer Credit Law, LSA-R.S. 9:3510 et seq. The trial court rendered judgment for Reliable in the amount of $174.97, representing the $3,225.58 which was stipulated as being owed to plaintiff, less $3,050.61 which defendants were entitled to set off. Reliable appeals the judgment of the district court. The Smiths have answered the appeal, seeking an increase in the amount of their set off. We affirm the judgment of the district court as amended.
On September 22, 1978, the Smiths executed a promissory note, secured by a chattel mortgage, in favor of Reliable Credit Corporation in the amount of $4,400.00. The note was payable in twenty-four monthly installments of $185.00 each, with the first installment due on November 5, 1978, and each subsequent installment due on the fifth day of each month thereafter.
*233 The Smiths failed to make the payment due on November 5, 1978. On December 7, 1978, Nathan Smith went to the office of Reliable Credit Corporation in order to make a payment on his account. At that time, the November 5 and December 5 installments were due and outstanding. Smith paid $185.00 to George Vidrine, a representative of Reliable Credit Corporation. Vidrine deducted a $5.00 delinquency fee and applied the balance, $180.00, to the payment which was due on November 5. At Vidrine’s suggestion, Smith also paid a $46.00 deferral charge for the installment payment which was due on December 5, 1978.
The Smiths continued to fall behind in their installment payments, making them only irregularly. Finally, on September 26, 1979, Reliable accelerated the note and brought suit for the unpaid balance, less a rebate for the amount of unearned interest. Defendants filed their answer on October 25, 1979. On December 6, 1979, the Smiths filed an amended answer, alleging that Reliable had violated the Louisiana Consumer Credit Law. Written notice of these claimed violations was sent by certified mail to Reliable Credit Corporation and its agent for service of process and was received on December 7, 1979, and December 12, 1979, respectively. The alleged violations included a claim that the December 7, 1978, deferral charge was improperly imposed because the December 5 installment payment was not ten days delinquent at the time and the defendants had not agreed in writing to the deferral charge.
On January 31, 1980, (some 51-56 days after receipt of this notice) Reliable credited defendants’ account with a $5.00 refund for the delinquency charge made on December 7,1978, and switched the $46.00 deferral charge to apply to the November 5, 1978, installment payment.
The trial court held that Reliable was entitled to recover $3,225.58 on the note. The court further held that defendants were entitled to a set off of $3,050.61 due to plaintiff’s violation of the Louisiana Consumer Credit Law. This figure was computed as follows:
1. Imposed finance charge .$ 717.79
2. Penalty of three times the imposed finance charge . 2,153.37
3. Attorney fees in the amount of 25% of the imposed finance charges. 179.45
Total Set Off .$ 3,050.61
Judgment was rendered in favor of Reliable for the difference between the amount owed plaintiff and the amount of set off, $174.97, plus legal interest from date of judicial demand and 25% attorney fees.
Reliable Credit appeals, claiming that the trial court erred in:
1. Finding that plaintiff wrongfully imposed a $46.00 deferral charge on December 7, 1978;
2. Finding that plaintiff committed a bad faith violation of the Louisiana Consumer Credit Law; and
3. Assessing the penalty provisions of LSA-R.S. 9:3552.
Alternatively, plaintiff contends that if defendants were entitled to a set off, the trial court erred in allowing and fixing attorney fees.
Defendants have answered the appeal urging that the trial court erred in calculating the amount of the set off.
There is absolutely no doubt that plaintiff violated the Louisiana Consumer Credit Law, LSA-R.S. 9:3510 et seq. The imposition of both a deferral charge and a delinquency fee on December 7, 1978, was improper since plaintiff was properly entitled to impose only one of these charges. LSA-R.S. 9:3525 authorizes the imposition of a contractually agreed upon delinquency fee on an installment payment which is not paid within ten days after it is due. LSA-R.S. 9:3526 permits the parties to agree in writing to a deferral of an unpaid installment. Furthermore, if the loan contract so provides, LSA-R.S. 9:3526 permits the extender of credit to unilaterally impose a deferral charge if an installment payment is not paid within ten days of its due date.
When Nathan Smith made the $185.00 payment on December 7, 1978, the *234 November 5 installment payment was more than ten days overdue. Under the above mentioned statutes, Reliable had the option of imposing a delinquency fee or a deferral charge since both were authorized by the loan contract. The payment card introduced at trial and testimony of Vidrine and Smith indicate that Reliable imposed a $5.00 delinquency fee. On December 7, 1978, the December 5 installment payment had not been in default for more than ten days. Reliable was not, therefore, entitled to unilaterally impose a deferral charge. Any deferral charge was required by LSA-R.S. 9:2526 to be agreed to in writing. The testimony presented at trial shows that the $46.00 deferral charge made on December 5, 1978, for application to the December 5 installment payment, was not made pursuant to a written agreement. The imposition of this $46.00 deferral charge was a violation of the Louisiana Consumer Credit Law.
As noted above, this violation, along with other claimed violations, was asserted by defendants in their amended answer to plaintiff’s petition. Additionally, written notice of these claimed violations was sent by certified mail to Reliable Credit Corporation and its agent for service of process, in accordance with the requirements of LSA-R.S. 9:3552. Nearly two months after these notices were received, Reliable attempted to rectify the improper imposition of a deferral charge by switching the $46.00 deferral charge to apply to the November 5 installment payment, cancelling the $5.00 delinquency fee previously assessed on the November 5 installment, and crediting the $5.00 to defendants’ account. Plaintiff maintained that this switch was authorized by LSA-R.S. 9:3526(A), which provides that a “deferral charge may be collected at the time it is assessed or at any time thereafter.”
The trial court held that this change was made too late to be effective. The court stated:
“It is submitted that the ‘at anytime thereafter’ language in this provision refers to anytime during the life of the loan itself, but that the creditor no longer enjoys this privilege after suit is filed, the obligation itself is matured, collection of the obligation is passed into the hands of an attorney and notice of alleged violation is received by the creditor, and more than thirty days have passed without correction of the error. To hold that a creditor could thereafter still make corrective additions and credits to the payment card in order to achieve compliance with the act would seem to render the provisions of the act itself meaningless and unenforceable.”
The trial court properly held that a creditor may not return improperly collected deferral or delinquency charges after suit is filed, the obligation is matured, collection of the obligation is passed into the hands of an attorney, notice of an alleged violation is received by the creditor, and more than thirty days have passed without correction of the error.
Reliable contends that the trial court erred in finding that it committed a not in good faith violation of the Louisiana Consumer Credit Law. The trial court’s finding of lack of good faith on the part of Reliable is a factual determination. Accordingly, this court’s review is limited to a determination of whether or not the trial court was clearly wrong in its finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
There was ample evidence on which the trial judge could have based a finding of lack of good faith on the part of Reliable. First of all, plaintiff violated the clear provisions of LSA-R.S. 9:3526 by not reducing the initial deferral agreement to writing. Furthermore, plaintiff attempted to “refund” the $5.00 delinquency charge and switch the $46.00 deferral charge well over thirty days after it had received notice of the credit law violations. A review of the record shows that the trial court’s finding of lack of good faith is not manifestly erroneous.
Both plaintiffs and defendants contend that the trial court erred in assessing the *235 amount of penalties owed under LSA-R.S. 9:3552. LSA-R.S. 9:3552(A) provides in pertinent part as follows:
“Violations discovered as a result of written consumer complaint
(1) Intentional violations or violations not caused by good faith errors.
(a) If the court finds that the extender of credit has intentionally or as a result of error not in good faith violated the provisions of this chapter, the consumer is entitled to a refund of all loan finance charges or credit service charges and has the right to recover three times the amount of such loan finance charge or credit service charge together with reasonable attorney’s fees. The right to recover the civil penalty under this subsection accrues only after
(i) written notice is given to the extender of credit by certified mail addressed to the extender of credit’s place of business in which the consumer credit transaction arose;
(ii) a copy of such notice is mailed to the extender of credit’s agent for service of process; and
(iii) thirty days have elapsed since receipt of such notice by the extender of credit, and the violation has not been corrected.”
Defendants are entitled to recover under this statute because they have met both prerequisites; they have made a showing of Reliable’s lack of good faith and they provided the required notice.
The penalty portion of the statute provides that defendants are entitled, first, to receive a “refund of all loan finance charges.” By use of the term “refund” the statute implicitly means only those finance charges which were actually paid by the consumer. The trial court was correct in fixing this portion of defendants’ set off at $717,79.
LSA-R.S. 9:3552(A) goes on to provide that defendants have “the right to recover three times the amount of such loan finance charge.. . . ” The trial court held that this provision was limited to three times the amount of finance charges actually paid by defendants. This is an incorrect application of the statute.
LSA-R.S. 9:3516(20) defines “loan finance charge” as the sum of all charges payable directly or indirectly by the consumer for the extension of credit. Delinquency and deferral charges are not included in the calculation of loan finance charges. This statute makes it clear that the penalty provisions of LSA-R.S. 9:3552 are to be assessed on the basis of the loan finance charge imposed at the time the loan transaction was entered, rather than on the basis of the finance charges actually collected. An examination of the record reveals that the loan finance charge originally agreed to was $1,104.21. Defendants are entitled to recover three times this amount, $3,312.63.
LSA-R.S. 9:3552 gives defendants the right to recover attorney fees. The statute provides that such attorney fees “shall be measured by the time reasonably expended by the consumer’s attorney and not by the amount of recovery.” The trial court awarded attorney fees in the amount of 25% of the imposed finance charges, $179.45. The trial court erred in failing to tailor the award of fees to match the amount of time reasonably expended by the consumer’s attorney.
Reliable contends that, because defendants’ counsel did not submit proof of time expended, attorney fees were improperly awarded. This contention is without merit. There is nothing in the statute which absolutely requires that a consumer’s attorney submit a time sheet into evidence. A court has the inherent power to fix a reasonable attorney fee, where authorized by law, based on the amount of work required in the case as revealed by the record. On the basis of the record, which evidences the amount of preparation by defendants’ counsel, the complexity of the legal issues, and the degree of counsel’s expertise, attorney fees are fixed at $1,000.00.
As noted above, Reliable was found to be entitled to recover $3,225.58 from the *236 Smiths. The set off to which the Smiths are entitled is as follows:
1. Refund of loan finance charges . 717.79
2. Penalty of three times the imposed finance charges. 8,312.63
3. Reasonable attorney fees. 1,000.00
Total Set Off .$5,030.42
The difference between defendants’ claim in set off and Reliable’s claim is $1,804.84. The Smiths are entitled to recover that amount.
For the foregoing reasons, the judgment appealed from is amended. It is hereby adjudged, ordered and decreed that there be, and there hereby is, judgment in favor of defendants, Nathan Smith and Geraldine Smith, and against Reliable Credit Corporation in the amount of $1,804.84 with legal interest from the date of judicial demand (December 6, 1979), and for all costs of these proceedings.
AFFIRMED AND AMENDED.